UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SERVICE STEEL WAREHOUSE COMPANY, L.P.**<br><br>**VERSUS**<br><br>**THE MCDONNEL GROUP, LLC; ARCHER WESTERN CONTRACTORS, LLC; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA; AND LIBERTY MUTUAL INSURANCE COMPANY** | **CIVIL ACTION NO. 14-1416**<br><br>**SECTION "__" MAG. DIV. __**<br><br>**DISTRICT JUDGE:**<br><br>**MAGISTRATE JUDGE:** |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes plaintiff, Service Steel Warehouse, Co. L.P., which avers as follows in support of its complaint:

### PARTIES

**1.**

Service Steel Warehouse, Co. L.P. ("Plaintiff" or "Service Steel") is a steel and construction materials supplier to steel fabricators and construction contractors throughout the United States, organized and existing as a limited partnership under the laws of the state of Texas with its principle place of business at 8415 Clinton Drive, Houston, TX 77029.

**2.**

Made defendant is the McDonnel Group, LLC ("McDonnel Group"), upon information and belief a limited liability company organized and existing under the laws of the State of Louisiana.

**3.**

Made defendant is Archer Western Contractors, Ltd. ("Archer Western"), upon information and belief a limited company organized and existing under the laws of the state of Illinois and doing business in Louisiana.

**4.**

Made defendant is Travelers Casualty and Surety Company of America ("Travelers"), upon information and belief a foreign insurer doing business in Louisiana.

**5.**

Made defendant is Liberty Mutual Insurance Company ("Liberty Mutual"), upon information and belief a foreign insurer doing business in Louisiana.

**FACTUAL BACKGROUND**

**6.**

The McDonnel Group and Archer Western (collectively "MD/AW") joint ventured the construction of the Intake Processing Center/Templeman III & IV Replacement ("Project") for the Law Enforcement District of the Parish of Orleans, State of Louisiana ("Owner"). A copy of the Louisiana Notice of Contract is attached as Exhibit "A".

**7.**

In conjunction with the Project, MD/AW obtained on July 28, 2011, a joint Labor and Material Payment Bond from Travelers (No. 105631839) and Liberty Mutual (No. 022032781) in the amount of $144,929,000 ("Payment Bond").  A copy of the Payment Bond is attached as Exhibit "B".

**8.**

The Payment Bond provides that all claimants as defined by the Payment Bond who have not been paid in full before the expiration of ninety days after the date on which the last of such claimant's work or labor was done or performed, or materials were furnished by such claimant may sue on the Payment Bond.

**9.**

The Payment Bond further provides that the suit may be filed in the United States District Court for the district in which the Project is situated, which is the Eastern District of Louisiana.

**10.**

On December 21, 2011, Service Steel began supplying structural steel and construction materials to H&H Steel Fabricators, Inc., ("H&H Steel") which was a steel fabricator on the Project.

**11.**

In July of 2012, Service Steel was informed that MD/AW required that H&H Steel order a large amount of structural steel from Service Steel for the Project, which large order caused

Service Steel concern about whether it would be paid for that steel, as H&H Steel would not be paid for its work until after the steel had been fabricated.

**12.**

Service Steel presented its concern to MD/AW and was promised by MD/AW that Service Steel would be compensated for the steel it supplied to H&H Steel for the Project.

**13.**

In addition, on July 26, 2012, MD/AW had Travelers and Liberty Mutual execute a rider to the Payment Bond ("Payment Bond Rider") specifically recognizing Service Steel as a claimant under the Payment Bond. A copy of the Payment Bond Rider is attached as Exhibit "C".

**14.**

In addition, on July 26, 2012, Service Steel executed and on August 6, 2012, MD/AW and H&H Steel executed a Joint Check Agreement in which all checks issued by MD/AW to H&H Steel for labor and materials supplied by Service Steel were required to be made jointly to H&H Steel and Service Steel. A copy of the Joint Check Agreement is attached as Exhibit "D".

**15.**

In reliance on (1) MD/AW's, Travelers', and Liberty Mutual's promises that Service Steel would be compensated, (2) that Service Steel was added as a claimant on the Payment Bond, and (3) the Joint Check Agreement, Service Steel delivered the materials ordered by H&H Steel. The last materials were delivered to H&H Steel in August, 2013.

**16.**

Notwithstanding that Service Steel delivered the requested steel, Service Steel has not been paid in full for all material delivered. Service Steel is currently owed the principal amount of $798,250.68, plus 1.5% simple interest for each month an invoice was not timely paid.

**17.**

On October 15, 2013, Service Steel sent to MD/AW, Travelers, Liberty Mutual, H&H Steel, and the Owner, via certified mail, notice of the amount outstanding. A copy of Service Steel's October 15, 2013 letter is attached as Exhibit "E".

**18.**

Because Service Steel still had not been paid, on June 6, 2014, Service Steel filed a Statement of Amount Due under the Louisiana Public Works Act and provided notice of that statement to MD/AW and the Owner. Attached as *in globo* Exhibit "F" are copies of the Statement and notice letters.

**19.**

On June 16, 2014, Service Steel provided notice of the Statement of Amount Due under the Louisiana Public Works Act to Travelers and Liberty Mutual. Attached as *in globo* Exhibit "G" is a copy of the notice letters.

## JURISDICTION AND VENUE

**20.**

Jurisdiction is proper pursuant to 28 U.S.C. §1332 in that there is complete diversity between plaintiff and all defendants and there is more than $75,000 in dispute.

**21.**

Venue is proper because the Project is located in Orleans Parish.

## CONTRACTUAL BOND CLAIM

**22.**

Based on the above facts, Service Steel has a claim against Travelers and Liberty Mutual under the Payment Bond.

**23.**

Service Steel was specifically added as a claimant under the Payment Bond by the Payment Bond Rider.

**24.**

Service Steel has not been paid within 90 days of the last day that Service Steel supplied materials for the Project.

**25.**

Service Steel provided Travelers and Liberty Mutual within 90 days after it provided the last of its materials with written notice via certified mail of the amount of Service Steel's claim,

and the name of the party to which the materials were supplied, as required by the Payment Bond.

**26.**

One year has not elapsed following the date that MD/AW ceased work on the Project.

**27.**

Accordingly, Travelers and Liberty Mutual are liable under the Payment Bond for the full amount of Service Steel's unpaid invoices of $798,250.68, plus interest.

**28.**

Travelers and Liberty Mutual are also liable for attorney's fees under La. R.S. 9:3902 because Service Steel was forced to hire an attorney to sue on the bond, amicable written demand has been made and more than 30 days has elapsed.

**DETRIMENTAL RELIANCE CLAIM**

**29.**

Based on the above facts, Service Steel has a claim against MD/AW, Travelers, and Liberty Mutual under Louisiana Civil Code Article 1967.

**30.**

MD/AW, Travelers, and Liberty Mutual represented to Service Steel that if Service Steel was not paid by H&H Steel, they would pay Service Steel for the materials it supplied for the Project.

**31.**

Service Steel justifiably relied on MD/AW's, Travelers' and Liberty Mutual's representations because MD/AW was the general contractor on the Project and Travelers and Liberty Mutual added Service Steel to the Project's Payment Bond.

**32.**

Service Steel changed its position to its detriment by delivering material to H&H Steel for the Project for which Service Steel has not been paid.

**33.**

Accordingly, MD/AW, Travelers and Liberty Mutual are liable to Service Steel for the full amount of its unpaid invoices of $798,250.68.

**PUBLIC WORKS ACT CLAIM**

**34.**

Based on the foregoing facts, Service Steel has a Louisiana Public Works Act claim against defendants.

**35.**

The Project is governed by the Louisiana Public Works Act.

**36.**

MD/AW, Travelers, and Liberty Mutual have agreed that Service Steel shall be considered a claimant on the Project by adding Service Steel as a claimant under the Payment Bond.

**37.**

Service Steel provided defendants and the Owner with notice of all amounts owed Service Steel within 75 days of the last day of the month in which the materials were delivered.

**38.**

Service Steel filed a sworn Statement of Amount Due under the Act within 45 days of the recordation of a notice of acceptance of the Project.

**39.**

Accordingly, defendants are liable for the full amount of the outstanding invoices, $798,250.68.

**40.**

Travelers and Liberty Mutual are also liable for attorney's fees of 10% under La. R.S. 38:2246 should Service Steel collect the full amount set forth in its statement of amount due.

**BREACH OF CONTRACT CLAIM**

**41.**

Based on the forgoing facts, MD/AW are liable for breach of contract.

**42.**

MD/AW executed the Joint Check Agreement, which provided that all checks issued to H&H Steel for labor and materials supplied by Service Steel shall be made jointly payable to H&H Steel and Service Steel.

**43.**

Service Steel understands that H&H Steel has been paid for materials supplied by Service Steel, but such payments were not made through joint checks.

**44.**

To the extent that MD/AW made payments to H&H Steel for materials supplied by Service Steel, but such payments were not made through joint checks, MD/AW has breached the Joint Check Agreement.

**INTEREST**

**45.**

Service Steel's agreement with H&H Steel included simple interest at the rate of 1.5% per month.  Accordingly, Service Steel is entitled to collect from defendants this interest as it is part of the amount due to Service Steel for its material.

**46.**

Service Steel is also entitled to recover interest on its claims against defendants under Louisiana law pursuant to La Civil Code Article 2000, which provides that:

> When the object of the performance is a sum of money, damages for delay in performance are measured by the interest on that sum from the time it is due, at the rate agreed by the parties or, in the absence of agreement, at the rate of legal interest as fixed by R.S. 9:3500.  The obligee may recover these damages without having to prove any loss . . . .

**47.**

Based on the foregoing, Service Steel is entitled to a judgment against defendants as follows:

A. $798,250.68 against McDonnel Group, Archer Western, Travelers, and Liberty Mutual, in solido, which is the amount of Service Steel's outstanding invoices;

B. $79,825 against Travelers and Archer Western, which is the amount of attorney's fees under the Public Works Act and La. R.S. 9:3902;

C. The amount paid to H&H Steel for Service Steel's materials that was not paid pursuant to joint checks against McDonnel Group and Archer Western, which amount will be proven at trial; and

D. Prejudgment and post-judgment interest on these amounts from date due until paid at the rate of 1.5% per month or, alternatively, the legal rate.

WHEREFORE, Service Steel prays for judgment herein in its favor against McDonnel Group, LLC, Archer Western Contractors, Ltd., Travelers Casualty and Surety Company of America, and Liberty Mutual Insurance Company awarding Service Steel the above requested relief, plus pre-judgment and post-judgment interest, costs, attorney's fees and all other relief allowed by law.

Respectfully submitted,

/s/ Michael F. Weiner
MICHAEL F. WEINER (#23359)
**Michael F. Weiner, Attorney at Law, LLC**
510 N. Jefferson Ave
Covington, LA 70433
Telephone:  (985) 875-7710
Facsimile:  (985) 259-8816
Email: mweiner@mfweiner.com
**ATTORNEY FOR SERVICE STEEL WAREHOUSE CO., LP**